**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**STEVE ROSATO,**

> **Plaintiff,**

**v.**                                              **Case No.**

**SCRIBE OPCO, INC.,
d/b/a Koozie Group,**

> **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff STEVE ROSATO ("Mr. Rosato"), hereby sues Defendant SCRIBE

OPCO, INC., d/b/a Koozie Group ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction under 28 U.S.C. §§ 1331 & 1367.

2.     Plaintiff was a resident of Pinellas County, Florida, at all times material

to this action.

3.     Defendant is an employer located in Pinellas County within the meaning

of the ADEA and section 760, Florida Statutes.

4.     Defendant's discriminatory conduct occurred in Pinellas County, Florida.

5.     Plaintiff has performed all conditions precedent necessary to the

maintenance of this action or such conditions have been waived.

6.    Defendant is a supplier in the promotional products industry, with its principal office in Pinellas County, Florida.

## FACTUAL ALLEGATIONS

7.    Mr. Rosato is a 66-year-old male.

8.    Mr. Rosato began working for Defendant as an engineer approximately four decades ago, on or around Sept. 25, 1986.

9.    While employed by Defendant, Mr. Rosato was promoted several times and created/designed automation systems that have, and continue to make, significant profits for Defendant.

10.    In 2022, after being recommended by Defendant's former Chief Executive Officer, Mr. Rosato was promoted from his role as Director of Engineering to Vice President of Engineering.

11.    As Vice President of Engineering, Mr. Rosato reported to Defendant's Chief Operating Officer, Matthew Cook ("Mr. Cook"), who worked remotely from St. Louis, Missouri.

12.    Mr. Cook spent less time supervising Mr. Rosato as compared to younger employees, and most of his communication was virtual through Microsoft Teams.

13.    On the occasions Mr. Cook visited Defendant's Clearwater headquarters, he neither informed Mr. Rosato in advance nor scheduled to meet with him.

14.    When Mr. Cook was at the Clearwater headquarters, he routinely

bypassed Mr. Rosato's office and instead went to meet with Conor Brooks ("Mr. Brooks"), the Clearwater Regional Director, whose office was located farther down the building.

15.    Mr. Brooks is about 40 years old.

16.    Mr. Rosato never received any negative feedback or concerns about his job performance while serving as Vice President of Engineering, including from Mr. Cook.

17.    In or around June 2024, Mr. Cook rated Mr. Rosato's job performance as a 3.5/4.0, exceeding expectations.

18.    On or around August 5, 2024, Mr. Rosato proposed holding weekly or bi-weekly Microsoft Teams calls with site directors and vice presidents to improve communication and collaboration ahead of Defendant's 2025 fall budget planning project, but Mr. Cook rejected the idea as a waste of time.

19.    On or around Aug. 27, 2024, Mr. Rosato was unexpectedly informed that his employment would terminate effective Sept. 1, 2024.

20.    Defendant informed Mr. Rosato that the reason for his termination was because his position had been eliminated.

21.    On or around Sept. 1, 2024, Mr. Rosato's employment was terminated.

22.    Shortly after Mr. Rosato's termination, Defendant assigned Mr. Rosato's job responsibilities and supervision over his entire team to Mr. Brooks under a

newly-created Vice President of Quality, Engineering, and Maintenance role.

23. Defendant did not even consider Mr. Rosato for the new role despite decades of loyalty working for Defendant, exceeding expectations on job performance reviews, and being fully capable of managing all three departments.

24. Mr. Rosato was differentially treated, discharged, and otherwise denied an employment opportunity based on his age.

25. Defendant terminated Mr. Rosato under the guise of reorganizing and "right sizing" the business, but it was a pretext for age discrimination.

26. Defendant created a new Vice President role with responsibilities nearly identical to Mr. Rosato's former job responsibilities, and filled it with a significantly younger, less qualified, and less experienced employee.

27. For years, from 2005 to 2010, Mr. Rosato successfully managed the Engineering, Machine, and Mold Maintenance role at Defendant's Clearwater and St. Peterburg facilities.

28. Mr. Rosato also previously demonstrated strong proficiency in providing technical support to Defendant's Quality department.

29. Several projects completed under the supervision of Mr. Rosato continue to be significant contributors to Defendant's overall profitability, and many of the ongoing projects were initiated by him in recent years.

30. Defendant never met with Mr. Rosato to provide guidance or to discuss

how he could further succeed within Defendant's business.

31.    Defendant created the new Vice President position as a pretext for unlawful age discrimination, designed to replace an older, more qualified employee with a younger, less experienced employee.

## COUNT I - AGE DISCRIMINATION
## IN VIOLATION OF THE ADEA

32.    Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

33.    Plaintiff was discharged and otherwise discriminated against with respect to the terms and conditions of his employment and compensation because of his age.

34.    Plaintiff met and exceeded Defendant's legitimate performance expectations.

35.    Defendant's differential treatment of Plaintiff as compared to younger employees of Defendant evidences age discrimination.

36.    Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.    Grant Plaintiff back-pay, liquidated damages, and attorney's fees under the ADEA;

B.    Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

## COUNT II - AGE DISCRIMINATION
## IN VIOLATION OF THE FCRA

37.    Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

38.    Plaintiff was discharged and otherwise discriminated against with respect to the terms and conditions of his employment and compensation because of his age.

39.    Plaintiff met and exceeded Defendant's legitimate performance expectations.

40.    Defendant's differential treatment of Plaintiff compared to younger employees of Defendant evidences age discrimination.

41.    Plaintiff has been damaged by the conduct of Defendant.

WHEREFORE, Plaintiff requests this Honorable Court to:

    A.    Grant Plaintiff back-pay, compensatory damages, punitive damages and attorney's fees under the FCRA;

    B.    Grant Plaintiff a trial by jury and such further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

/s/Craig L. Berman____

Craig L. Berman, Esq.
BERMAN LAW FIRM, P.A.
111 Second Ave., N.E., Suite 706
St. Petersburg, FL 33701
Phone: (727) 550-8989
Fax: (727) 894-6251
Fla. Bar No. 068977
craig@bermanlawpa.com

**COUNSEL FOR PLAINTIFF**